UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

*********

JUSTIN McCULLY,

Petitioner,

v.

JANNAH PETERSON,

Respondent.

Case No. 3:24-cv-00497-ART-CLB

ORDER

*Pro se* Petitioner Justin McCully has submitted to the court a petition for writ of habeas corpus on a form designed to be used in the Nevada state district court. The petition challenges a judgment of conviction for domestic violence entered in the Eighth Judicial District Court for Clark County, Nevada. ECF No. 1-1. A petition for writ of habeas corpus filed by a person who is not represented by an attorney must be on the form provided by this court. LSR 3-1, Local Rules of Practice, U.S. District Court of Nevada. In addition, McCully's petition fails to set for the any grounds for relief. Rule 4 of the Rules Governing Habeas Petitions under 28 U.S.C. § 2254 "allows a district court to dismiss summarily the petition on the merits when no claim for relief is stated." *Gutierrez v. Griggs*, 695 F.2d 1195, 1198 (9th Cir. 1983)

Not only is his petition facially defective, McCully has not properly commenced this habeas action by either paying the standard $5.00 filing fee or filing complete application to proceed *in forma pauperis* ("IFP"). Pursuant to 28 U.S.C. § 1914(a) and the Judicial Conference Schedule of Fees, a $5.00 filing fee is required to initiate a habeas action in a federal district court. The court may authorize an indigent inmate to begin a habeas action without paying the $5.00

fee if he or she submits an IFP application on the approved form and includes three documents: (a) the inmate's financial declaration and acknowledgement showing an inability to prepay fees and costs, (b) a financial certificate signed by the inmate and an authorized prison official, and (c) a copy of the inmate's account statement for the six-month period prior to filing. *See* 28 U.S.C. § 1915(a), LSR 1-1, LSR 1-2.

Rather than summarily dismiss this case, the court will give McCully an opportunity to correct the foregoing defects.

It is therefore ordered that McCully shall have 30 days from the date this order is entered to file a habeas petition on the form provided by the court. McCully must also file an IFP application that includes a: (a) financial certificate signed by McCully and an authorized prison official, (b) financial declaration and acknowledgement signed by McCully, and (c) copy of McCully's inmate account statement for the six-month period prior to filing. Alternatively, McCully must pay the $5.00 filing fee within 30 days. If McCully decides to pay the filing fee from his inmate account, McCully must arrange to have a copy of this order attached to the check for the filing fee.

It is further ordered that McCully's failure to timely comply with this order will result in the dismissal of his petition without prejudice and without further advance notice.

It is further ordered that the Clerk shall send McCully two copies each of an application form to proceed *in forma pauperis* for incarcerated persons and a noncapital Section 2254 habeas petition form, and one copy of the instructions for each form.

//

//

//

//

It is further ordered that the Clerk is directed to change the place of incarceration currently listed for McCully on the court's docket from Northern Nevada Correctional Center to Southern Desert Correctional Center and send documents to McCully at that location.

DATED THIS 7th day of November, 2024.

ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE